UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS A MORENO,<br><br>Defendant. | Case No. 1:18-cr-00097-BLW-2<br><br>**REPORT AND RECOMMENDATION** |

On September 18, 2018, Defendant Luis A. Moreno appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 66). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 13), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States

**REPORT AND RECOMMENDATION - 1**

Probation Office.

Because the offense to which Defendant entered his guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(b)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, Defendant was arrested in Nevada, and had his initial appearance on the indictment in the District of Nevada on March 16, 2018. The Government moved for detention. After a detention hearing, the Defendant was released on his own personal recognizance subject to conditions of release. (Dkt. 19.) Defendant had his initial appearance and arraignment in the District of Idaho on April 11, 2018, before the undersigned Magistrate Judge. (Dkt. 42.) The Government did not object to continued release. Defendant was released subject to conditions of release, including curfew. (Dkt. 45.)

According to the Government, it has no objection to the Court finding exceptional reasons to continue Defendant's release. The Government is not aware of any facts suggesting Defendant poses an enhanced risk of flight or danger to the community at this time. The pretrial status report indicates that, although Defendant has been somewhat inconsistent regarding attending mental health counseling sessions, the issue is being addressed with the Defendant. Pretrial Services has recommended that the Defendant's

**REPORT AND RECOMMENDATION - 2**

conditions of pretrial supervision remain unchanged.

According to the Defendant's motion for release from custody pending sentencing, (Dkt. 76), the Defendant has not violated any of the terms of his pretrial release. The Defendant has complied with all testing requirements, and he has not had a positive test result for prohibited substances. Defendant has maintained full time employment in addition to attending cosmetology school five days each week. He will conclude his education in May of 2019. He lives with his parents, who depend upon him for financial support. In addition, his mother and father both have health issues, and need the care and support of the Defendant.

Upon consideration of the totality of the circumstances presented in this case, and upon finding Defendant is unlikely to flee or pose a danger to the community if release is continued, the Court will recommend release be continued under the conditions previously imposed. The Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate. Detention would disrupt the Defendant's mental health treatment, his ability to attend and complete cosmetology school, and his ability to care for his parents.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)    The District Court accept Defendant Luis A. Moreno's plea of guilty to Count 1 of the Indictment (Dkt. 13),

2)    The District Court order forfeiture consistent with Defendant Luis A. Moreno's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 13) and the Plea Agreement (Dkt. 66).

3)    The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 45.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: September 19, 2018

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE